**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RENE GUARDADO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-763<br><br>Agency No.    A029-169-067<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2023[**]
San Francisco, California

Before: S.R. THOMAS and H.A. THOMAS, Circuit Judges, and RAKOFF[***], District Judge.

Jose Rene Guardado petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his motion to sua sponte reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

proceedings.[1] When the BIA denies sua sponte reopening, we have jurisdiction "for the limited purpose of reviewing the reasoning behind the decision[] for legal or constitutional error." *Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021) (quoting *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)).

The BIA did not err when it "decline[d] to exercise [its] sua sponte authority to reopen these proceedings because [Guardado] has not demonstrated prima facie eligibility for relief from removal." Guardado's aggravated felony conviction under California Health & Safety Code § 11352 means he is ineligible for the cancellation of removal relief he seeks. *See* 8 U.S.C. § 1229b(b)(1)(C); *see also* 8 C.F.R. § 1240.66(a) (discussing special rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act). Guardado points to the later vacatur of his conviction. But the BIA did not commit legal or constitutional error in denying sua sponte reopening on the basis that Guardado did not meet his burden of proving that his "conviction was vacated based on procedural or substantive defect in the underlying criminal proceedings, rather than for immigration or rehabilitative purposes." *See Ballinas-Lucero v. Garland*, 44 F.4th 1169, 1171–72 (9th Cir. 2022) (setting forth standard).

**PETITION DENIED.**

---

[1] Guardado does not challenge the BIA's denial of his motion to reopen as untimely. Such an argument is therefore forfeited. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).